J-S55010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE K. HARVEY, | |
| Appellant | No. 2217 EDA 2013 |

Appeal from the PCRA Order July 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0703051-1983

BEFORE: BOWES, SHOGAN, and OTT, JJ.

MEMORANDUM BY BOWES, J.: **FILED SEPTEMBER 12, 2014**

Andre K. Harvey appeals from the order entered by the PCRA court denying his fourth PCRA petition as untimely. Counsel has filed a petition to withdraw from representation and a brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) ("***Turner/Finley***"), and Appellant has filed a *pro se* brief in response. After careful review, we affirm and grant counsel's petition to withdraw.

Appellant, Russell Williams, and Howard White shot and killed Fred Rainey on October 27, 1982. The victim suffered four gun shot wounds. Four eyewitnesses testified to the events, two of whom identified Appellant, including Charles Atwell. Mr. Atwell also testified that Appellant and Williams attempted to shoot him two weeks after the incident. Mr. Atwell's

involvement has been the subject of Appellant's direct appeal, and all of his PCRA petitions, including the instant appeal. Mr. Atwell was arrested and charged with aggravated assault on an unrelated matter on May 17, 1983. The prosecuting attorney on that matter was Assistant District Attorney John Flannery, who also testified at Appellant's trial, and signed a criminal complaint for Appellant in this matter. While in custody, Mr. Atwell provided a statement that identified Appellant and his co-defendants as the shooters. Ultimately, the charges against Mr. Atwell were *nolle prossed* on December 12, 1983, before Appellant's trial.

The three co-defendants proceeded to a jury trial on March 28, 1984. The court declared a mistrial after Mr. Atwell indicated that the men were drug dealers. A second trial began on April 23, 1984. The evidence established that the three men drove to the corner of 27th and Oxford Street, Philadelphia, in a blue Gremlin, argued with the victim, and shot the victim.

A jury found Appellant guilty of first-degree murder, conspiracy, carrying a firearm on the public streets of Philadelphia, and carrying a firearm without a license, but declined to impose the death penalty. Appellant, with the aid of new counsel, filed a post-verdict motion. The trial court denied that motion and sentenced Appellant on February 3, 1987 to life imprisonment without parole for the murder charge and a consecutive five to ten years for conspiracy. Appellant filed a timely appeal and this

Court affirmed on August 31, 1987. ***Commonwealth v. Harvey***, 534 A.2d 130 (Pa.Super. 1987). The Pennsylvania Supreme Court denied allowance of appeal on September 12, 1990. ***Commonwealth v. Harvey***, 584 A.2d 313 (Pa. 1990).

Appellant retained counsel, who filed a PCRA petition on December 28, 1992. The court denied that petition on December 10, 1993, and this Court affirmed on September 1, 1994. ***Commonwealth v. Harvey***, 652 A.2d 408 (Pa.Super. 1994). Our Supreme Court denied allowance of appeal. ***Commonwealth v. Harvey***, 658 A.2d 792 (Pa. 1995). Appellant again sought PCRA relief on November 10, 1995, prior to the effective date of the PCRA time bar. The court conducted evidentiary hearings on February 18 and 19, 1997.[1] Appellant alleged during that proceeding that Mr. Atwell was permitted to receive sexual favors from his then-girlfriend while incarcerated in exchange for false testimony. The court denied Appellant's petition on July 14, 1999. This Court affirmed. ***Commonwealth v. Harvey***, 760 A.2d 427 (Pa.Super. 2000). Our High Court denied allowance of appeal. ***Commonwealth v. Harvey***, 764 A.2d 49 (Pa. 2000).

Appellant filed a counseled third petition on March 18, 2005. The PCRA court granted an evidentiary hearing that occurred on November 1, 2007. However, the stenographer from that proceeding became unavailable

---

[1] Appellant was assisted by counsel during his second PCRA proceeding.

prior to transcribing the hearing and an additional evidentiary hearing was held on January 19, 2010. Therein, Appellant proffered the testimony of a witness who claimed that he saw the shooting, and that Appellant was not involved. Instead, this witness proffered that two brothers by the names of Rickey and Leo Harrison had committed the crime. This witness served time at State Correctional Institute-Graterford from 1988 until 1993 and 1993 to 2003, when he encountered Appellant and Howard White. He did not come forward with this testimony until December of 2004 and signed a statement on Appellant's behalf on January 21, 2005. The court denied that petition on October 14, 2010, and Appellant did not appeal.

Appellant filed the instant underlying petition *pro se* on June 13, 2011. The PCRA court initially issued a boilerplate Pa.R.Crim.P. 907 notice of intent to dismiss on November 1, 2011, that simply checked a line indicating the petition was untimely. Prior to issuing a final order, however, Appellant retained private counsel, who filed an amended petition on March 2, 2012. The Commonwealth filed a motion to dismiss, to which counsel responded on March 22, 2013. A different PCRA court issued a comprehensive Pa.R.Crim.P. 907 notice of dismissal on June 12, 2013. That notice provided that Appellant's petition was untimely because the information he alleged was newly-discovered was publicly available and he did not exercise due diligence in uncovering it. Appellant filed a counseled response, and the PCRA court entered its final order on July 12, 2013. Appellant filed a timely

*pro se* notice of appeal, and the PCRA court appointed counsel. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied,[2] and the PCRA court authored its opinion.

Counsel now files a **Turner/Finley** no-merit brief and petition to withdraw. As we have previously held, "The **Turner/Finley** decisions provide the manner for post-conviction counsel to withdraw from representation." **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa.Super. 2012). In order to withdraw, counsel must conduct an independent review of the record and file a "no-merit" letter or brief detailing the nature and extent of his review, listing each issue the petitioner wishes to raise and why those issues are meritless. **Id**. Where the no-merit letter or brief is filed with this Court, we then must conduct our "own independent evaluation of the record and agree with counsel that the petition is without merit." **Id**.

Additionally, "counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney." **Id**. Counsel has

_____

[2] Appellant indicates he submitted a *pro se* Pa.R.A.P. 1925(b) statement. This statement was a nullity insofar as he was represented by counsel. **Commonwealth v. Ali**, 10 A.3d 282 (Pa. 2010).

complied with these directives. Accordingly, we proceed to independently review the record to determine whether Appellant's amended petition does not entitle him to relief.

Initially, we address the timeliness of Appellant's petition as it implicates our jurisdiction. In order for a collateral petition to be timely under the PCRA, it must be filed within one year of the finality of the petitioner's judgment of sentence. 42 Pa.C.S. § 9545(b)(1). Where a defendant was convicted before the effective date of the 1995 PCRA time-bar amendment, a petitioner could timely file a petition if it was his first and was filed by January 16, 1997. *Commonwealth v. Sneed*, 45 A.3d 1096, 1102 n.5 (Pa. 2012); *Commonwealth v. Thomas*, 718 A.2d 326 (Pa.Super. 1998) (*en banc*). Here, Appellant could only file a timely petition by asserting one of three timeliness exceptions. Those exceptions include interference by government officials, newly-discovered facts that were unknown to the petitioner and which could not have been ascertained with due diligence, or a new constitutional right held to apply retroactively. 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any claim arguing an exception to the time-bar must be filed within sixty days of the date it could have been first presented. 42 Pa.C.S. § 9545(b)(2).

Appellant's claim implicates the newly-discovered fact timeliness exception. Appellant asserted in his *pro se* petition, and in his counseled amended petition, that he filed his petition within sixty days of discovering

- 6 -

the signature of Assistant District Attorney John Flannery on Appellant's criminal complaint. Mr. Flannery testified in this case regarding his contact with Charles Atwell, and why Mr. Atwell's criminal charges were dropped. The original complaint is contained in the certified record on appeal, and not merely as Appellant alleges as an attachment to his own petition. According to Appellant, this document was uncovered in his own case file at the Criminal Justice Center by Karen Brinkley and mailed to him on April 19, 2011. In his view, the prosecutor's signature on Appellant's complaint on June 7, 1983, would have impeached the prosecutor's testimony that he was unaware that Mr. Atwell was an eyewitness in Appellant's case and had agreed to cooperate with the Commonwealth. This is because Mr. Atwell allegedly became a cooperating witness on June 1, 1983, and Attorney Flannery was the prosecuting officer on Mr. Atwell's case.

*Turner/Finley* counsel posits that Appellant's newly-discovered fact was publicly available, citing that in *Commonwealth v. Ligons*, 971 A.2d 1125, 1146 (Pa. 2009), the Pennsylvania Supreme Court noted that information about criminal proceedings are a matter of public record. Indeed, it is well settled that public information that is available before trial cannot constitute a newly-discovered fact. *Commonwealth v. Taylor*, 67 A.3d 1245, 1248-1249 (Pa. 2013); *Commonwealth v. Chester*, 895 A.2d 520 (Pa. 2006) (discovery of trial counsel's DUI prior to defendant's trial not newly-discovered fact); *Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa.

2012) (*per curiam*); ***Commonwealth v. Lark***, 746 A.2d 585, 588 n.4 (Pa. 2000) (study on racial discrimination not newly-discovered fact); ***Commonwealth v. Taylor***, 933 A.2d 1035 (Pa.Super. 2007) (arrest warrant in defendant's case that was no longer part of certified record not newly-discovered fact due to public availability). Thus, PCRA counsel asserts that Appellant's petition is untimely. We agree.

Not only is the information upon which Appellant relies a public record, but Appellant failed to demonstrate at the PCRA level how he exercised due diligence in uncovering this information. ***See Taylor***, 933 A.2d at 1042. Hence, assuming *arguendo* that the criminal complaint could fit within the ambit of a newly-discovered fact, it took him close to thirty years to uncover this information. This is not the exercise of due diligence. Furthermore, even were we to consider Appellant's petition timely, it would fail because his newly-discovered fact does not meet the threshold for awarding relief based on after-discovered evidence. Our Supreme Court has consistently opined that a new trial should be granted when the after-discovered evidence is producible and admissible and:

> (1) could not have been obtained prior to the end of trial with the exercise of reasonable diligence; (2) is not merely corroborative or cumulative evidence; (3) is not merely impeachment evidence; and (4) is of such a nature that its use will likely result in a different verdict on retrial.

***Commonwealth v. Lyons***, 79 A.3d 1053, 1068 (Pa. 2013). A defendant must establish by a preponderance of the evidence that each of these

prongs has been met to be entitled to a new trial. ***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa.Super. 2010).

Setting aside Appellant's utter failure to exercise due diligence, Appellant's position is premised on the position that the evidence would be used to impeach Attorney Flannery, Mr. Atwell, and implicitly another eyewitness, Marvin McLain. However, after-discovered evidence does not afford relief where its sole use is to impeach a witness. Thus, were we to have jurisdiction to award relief, we would decline to do so. Since ***Turner/Finley*** counsel's assessment is beyond reproach, we find Appellant's appeal is without merit and we grant counsel permission to withdraw.

We add that we are cognizant that Appellant, with the aid of a "jailhouse attorney," has filed a *pro se* brief in response to counsel's ***Turner/Finley*** no-merit letter and petition to withdraw.[3] Accordingly, we address those arguments that Appellant forwards to the extent that they elaborate on his preserved claims at the PCRA level.

Appellant in his *pro se* brief contends that the prosecutor's signature on the complaint is not public information because the criminal complaint was not part of his own certified record. First, we note that the original

---

[3] The document is entitled, "Appellant's Written Objections and Response to Finley Letter and Motion to Withdraw." While it does not meet the briefing requirements of our appellate rules of procedure, it is clear from the document what Appellant's arguments are.

complaint is contained in the certified record. Moreover, Appellant fails to appreciate that the law governing public records and newly-discovered facts does not relate solely to the petitioner's own certified record. *See Chester*, *supra*; *Lark*, *supra*; *Commonwealth v. Whitney*, 817 A.2d 473 (Pa. 2003); *Commonwealth v. Johnson*, 945 A.2d 185 (Pa.Super. 2008). Thus, it is immaterial for purposes of PCRA review that the criminal complaint, for some reason, was not docketed. *See also Taylor*, 933 A.2d at 1042 (arrest warrant for defendant that was not in certified record could not be newly-discovered fact). The fact remains that the criminal complaint in question was a matter of public record before his trial; indeed, he recovered it by having a friend copy his file in the Criminal Justice Center.

He further alleges that the Commonwealth's failure to disclose this criminal complaint was a *Brady* violation. Of course, there can be no *Brady* violation where the information is equally available to the defendant from another source, *i.e.*, is public information. *Commonwealth v. Simpson*, 66 A.3d 253, 264 (Pa. 2013). Here, Appellant's defense attorney could have located the criminal complaint for Appellant prior to Appellant's trial; thus, there is no *Brady* violation.[4]

_____

[4] Appellant's suggestion that the Commonwealth covered up the complaint is entirely belied by the fact that it was available from the Criminal Justice Center and is contained in the certified record.

Appellant continues that *Turner/Finley* counsel misinterpreted the role that the prosecutor in question played at his trial. Appellant submits that Mr. Flannery's signature on Appellant's criminal complaint would have impeached the prosecutor's testimony that prior to going to court on December 12, 1983, when charges against Mr. Atwell were *nolle prossed*, he was unaware that Mr. Atwell was a witness in this case. He further avers that Attorney Flannery's signature on Appellant's complaint impeaches Mr. Flannery's testimony that he did not discuss with homicide investigators that Mr. Atwell was a witness in this case before the December date.

As we have already outlined, this information was available to Appellant before trial. That he allegedly did not discover it until April 2011 does not remove it from the public sphere. Additionally, as we have previously set forth, even assuming these facts would meet the timeliness exception, they fail the after-discovered evidence test and would not entitle him to a new trial.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2014

- 11 -