J-S34018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELWOOD PATRICK HOPKINS | |
| Appellant | No. 2058 MDA 2014 |

Appeal from the PCRA Order November 6, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000172-1990

BEFORE: BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.: **FILED JULY 14, 2015**

Elwood Patrick Hopkins appeals *pro se* from the order entered in the Court of Common Pleas of Schuylkill County, dated November 6, 2014, dismissing his serial petition filed under the Post-Conviction Relief Act (PCRA)[1] as untimely. Hopkins seeks relief from the judgment of sentence of life imprisonment imposed on April 26, 1993, following his jury conviction of involuntary manslaughter, arson endangering persons, arson endangering property, risking a catastrophe, causing a catastrophe, and reckless burning or exploding.[2] Because we agree the petition is untimely, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2501, 2504(a), 3301(a)(1)(i), 3301(c), 3302(b), 3302(a), 3301(d), respectively.

Hopkins' convictions arose from an intentionally set fire that occurred on January 19, 1990, in Mahanoy City, Schuylkill County, Pennsylvania. On November 14, 1990, the jury acquitted Hopkins of both second-degree and third-degree murder, but convicted him of the aforementioned charges. This Court affirmed the judgment of sentence on April 15, 1994. **See Commonwealth v. Hopkins**, 645 A.2d 889 (Pa. Super. 1994) (unpublished memorandum). He did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Since that time, Hopkins has filed numerous appeals from the denial of relief by the PCRA courts, raising an assortment of claims. His efforts have been unsuccessful.[3] Hopkins filed the present PCRA petition, his fifth, on September 9, 2014. On October 13, 2014, the PCRA court issued notice of its intent to dismiss Hopkins' petition without a hearing pursuant to Pa.R.Crim.P. 907. Hopkins filed a response on October 29, 2014. Subsequently, his petition was dismissed by the PCRA court "due to a lack of

---

[3] **See Commonwealth v. Hopkins**, 726 A.2d 411 (Pa. Super. 1998) (unpublished memorandum), **Commonwealth v. Hopkins**, 830 A.2d 1046 (Pa. Super. 2003) (unpublished memorandum), **Commonwealth v. Hopkins**, 935 A.2d 13 (Pa. Super. 2007) (unpublished memorandum), and **Commonwealth v. Hopkins**, 40 A.3d 182 (Pa. Super. 2011) (unpublished memorandum).

jurisdiction," based on untimeliness.[4]  PCRA Court Opinion 11/6/2014, at 1.

This appeal followed.[5]

Our standard of review is as follows:

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition.  Thus, we must first determine whether the instant PCRA petition was timely filed."  ***Commonwealth v. Smith***, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

The PCRA timeliness requirement … is mandatory and jurisdictional in nature.  ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing ***Commonwealth v. Murray***, 562 Pa.

_____

[4] In the Rule 907 notice, the PCRA court indicated Hopkins had 20 days to file an amended petition setting forth facts and legal foundation for a timeliness exception under 9545(b)(1)(ii).  Hopkins' Rule 907 response cited ***Han Tak Lee v. Tennis***, 2014 WL 3894306 [4:CV-08-1972] (M.D. Pa. June 13, 2014), a United States Magistrate Judge's Report and Recommendation, as a newly discovered fact.  The PCRA court found this allegation to be insufficient and dismissed the petition.

[5] On December 8, 2014, the PCRA court ordered Hopkins to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). He complied on December 17, 2014.  The PCRA court issued a Pa.R.A.P. 1925(a) opinion on February 10, 2015.

1, 753 A.2d 201, 203 (2000)).   The court cannot ignore a petition's untimeliness and reach the merits of the petition.  ***Id.***

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  42 Pa.C.S. § 9545(b)(1).  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3).  Here, Hopkins' judgment of sentence was affirmed on April 15, 1994.  Accordingly, his sentence became final on May 16, 1994,[6] 30 days after the period to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired.  ***See*** Pa.R.A.P. 1113(a).  Therefore, pursuant to Section 9545(b)(1), Hopkins had one year from the date his judgment of sentence became final to file a PCRA petition.  ***See Taylor, supra***.  The instant petition was not filed until September 24, 2014, over 20 years later, making it patently untimely.[7]

---

[6] May 15, 1994, fell on a Sunday.

[7] There exists a *proviso* to the 1995 amendments to the PCRA that provides a grace period for petitioners whose judgments became final on or before the January 16, 1996 effective date of the amendments.  However, the *proviso*, applies to first PCRA petitions only, and the petition must be filed by January 16, 1997.  ***See Commonwealth v. Thomas***, 718 A.2d 326 (Pa. Super. 1998) (*en banc*).  It is evident Hopkins is not entitled to relief provided by the *proviso*.

- 4 -

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right ascertained is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Additionally, with respect to the right to an evidentiary hearing, we are guided by the following:

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

In his appeal, Hopkins argues the PCRA court erred in dismissing his petition without conducting a hearing because his arguments met the exceptions found in Section 9545(b)(1) regarding newly-discovered facts and governmental interference. With respect to his first issue, Hopkins asserts the newly-discovered facts exception, subsection (b)(1)(ii), applies because the scientific theory that he claims was used to convict him was debunked in *Han Tak Lee*, *supra*.[8] Specifically, he points to the following "facts" as proof that arson science is unreliable:

_____

[8] In *Han Tak Lee v. Tennis*, 2014 WL 3894306 (M.D. Pa. June 13, 2014), the petitioner was convicted of arson and murder in connection with the death of his daughter from a cabin fire in Monroe County, Pennsylvania. *Id.* at 1. Throughout the trial, the Commonwealth emphasized fire expert testimony as compelling proof that this was an intentional fire set by Lee. *Id.* at 5-8. The magistrate judge noted the same scientific pillars that led to his guilty verdict have now eroded. *Id.* at 1. "For example, the premise upon which much of the prior arson science was based in this field — that arson fires burned with greater heat and intensity than 'normal' fires — has now thoroughly been debunked. It is now understood that the principal determinant of the heat and intensity of a fire is a natural element, the oxygen which fuels the fire, and not some artificial accelerant." *Id.* at 3. Moreover, the Commonwealth admitted the arson science testimony which was "the only proof of the incendiary origin of th[e] fire [at Lee's trial] — [was] no longer reliable as an indication of arson." *Id.* at 17.

Based on the evidence, the magistrate judge recommended conditionally granting Lee's petition for writ of habeas corpus and vacating his sentence. The federal district court adopted the magistrate judge's report and recommendation. *See Han Tak Lee v. Tennis*, 2014 WL 3900230 [4:CV-08-1972] (M.D. Pa. August 8, 2014).

1.) The state attorneys "concession" that the arson science utilized decades ago was, for a better choice of words, "bad science", and "unreliable", which has contributed to a conviction rate of 97% or more; 2.) [Pennsylvania] State Police investigators had also admitted by "concession", that the arson science utilized decades ago is "inherently unreliable"; 3.) the State Police [and] attorney "conceded" that the gas chromatography utilized decades ago is "inherently unreliable", and 4.) an expert in the field of arson, Mr. Lentini, had stated that the old "orthodox" methodology of determining whether or not a fire was an arson or not, is too, "inherently unreliable", as the state attorney and [Pennsylvania] State Police expert too, had again, "conceded" to this said fact. *See* Petition, [at] 2-5.

*See* Hopkins' Brief at 7.

The newly-discovered facts exception is further explained by the following. "The focus of this exception 'is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.'" ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Here, the PCRA court found Hopkins "did not set forth the facts he proposed to present at a hearing to prove that he was entitled to proceed on an otherwise untimely post-conviction relief petition on the basis of after-discovered evidence." PCRA Court Opinion, 11/6/2014, at 6. We agree with the PCRA court.

Unlike ***Han Tak Lee***, Hopkins does not point to any specific evidence in his case regarding the arson science testimony, how it was used, and why it was unreliable. Instead, Hopkins merely discusses how the science was found to be debunked and asserts that because some arson science was disproved, all arson science is unreliable. We find that is a logical fallacy. Additionally, Hopkins did not compare the science used at his trial to the

debunked science in **Han Tak Lee**.[9]  Accordingly, Hopkins' first claim does not merit an evidentiary hearing because he has failed to relate any newly discovered evidence to the set of facts in his case.[10]

With respect to Hopkins' second issue of governmental interference, subsection (b)(1)(i),[11] we find that this argument fails because it was waived.  In his Rule 1925(b) concise statement, Hopkins only listed the "newly discovered facts" exception argument as a matter complained of on appeal.  "Any appellate issues not raised in a complaint Rule 1925(b) statement will be deemed waived." **Commonwealth v. Hill**, 16 A.3d 484, 488 (Pa. 2011) (citation omitted).  Therefore, we do not need to address Hopkins' second issue further.

---

[9] Moreover, as the PCRA court noted in its opinion, there was other evidence demonstrating Hopkins committed the arson, including his own admissions to a fellow inmate.  **See** PCRA Court Opinion, 11/6/2014, at 3-4.

[10] Furthermore, to the extent that Hopkins attempts to argue that **Han Tak Lee** is a newly-discovered fact, we note Pennsylvania courts "have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by Section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) (citation omitted).

[11] Specifically, Hopkins claims the governmental interference exception applies because prisoners are deprived of the necessary guidance needed to formulate their arguments as evidenced by his failure to locate **Han Tak Lee** in the prison library.  He claims it took a third party, who had access to Federal "ECF" (Electronic Case Filing), to properly locate the **Han Tak Lee** opinion.  Hopkins also contends the lack of proper access to these cases makes the 60-day timely petition requirement difficult for prisoners to meet. Hopkins' Brief at 11.

Accordingly, based on the aforementioned, we conclude Hopkins failed to plead and prove the applicability of the newly-discovered facts exception to the PCRA's timeliness requirement. The PCRA court properly denied Hopkins' petition and, therefore, we affirm its November 6, 2014, order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015