**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Robert THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 13, 1998.

Filed Sept. 16, 1998.

Sue A. Pfadt, Erie, for appellant.

---

1. A torque wrench is a wrench with an attached measuring device which numerically demonstrates the pressure applied.

Kenneth A. Zak, Asst. Dist. Atty., Erie, for Com., appellee.

Annmarie Kaiser, Asst. Dist. Atty., Harrisburg, for PA Dist. Attorney's Ass'n, Amicus Curiae.

Before McEWEN, President Judge, and DEL SOLE, KELLY, POPOVICH, FORD ELLIOTT, JOYCE, MUSMANNO, ORIE MELVIN and SCHILLER, JJ.

SCHILLER, Judge.

Appellant, Robert Thomas, appeals from the order entered by the Court of Common Pleas of Erie County denying his petition for post-conviction relief on the basis that it was untimely under 42 Pa.C.S. § 9545. For the following reasons, we affirm.

## FACTS:

On November 19, 1991, following several controlled buys of narcotics involving appellant and various police informants, police obtained a search warrant and searched appellant's residence. They recovered both marijuana and cocaine, as well as a semi-automatic weapon. On September 9, 1992, appellant pled guilty to one count each of possession of a controlled substance with the intent to deliver [1] and violation of the Uniform Firearms Act, in particular the prohibition against a former convict owning a firearm.[2] On October 20, 1992, he was sentenced to a term of imprisonment of three to ten years for the drug crime, followed by six months to five years for the weapons offense, making appellant's aggregate sentence three and one-half to fifteen years imprisonment. On October 27, 1992, represented by new counsel, appellant filed a motion to withdraw his guilty plea, which was denied by the trial court. No direct appeal was filed.

On June 2, 1995, appellant filed a petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq.[3] Counsel was appointed, who filed a petition to withdraw and "no-merit" letter.[4] On October 3, 1995, the PCRA court denied appellant's PCRA petition. No appeal followed.[5]

On December 13, 1996, appellant filed the instant PCRA petition, his second. On February 21, 1997, the PCRA court denied the petition, holding that it was untimely filed under 42 Pa.C.S. § 9545. This appeal followed.[6]

## DISCUSSION:

Appellant now raises the issue of whether the PCRA court committed legal error in dismissing his motion for post-conviction relief as untimely, and in failing to address the underlying merits of his claim.

The PCRA petition at issue was filed on December 13, 1996. As such it is governed by the most recent amendments to the Post Conviction Relief Act, enacted November 17, 1995, and effective 60 days thereafter. Concerning the time when a PCRA petition must be filed, the relevant statute, 42 Pa.C.S. § 9545(b), now provides:

(b) **Time for filing petition.-**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless

1. 35 P.S. § 780–113(a)(30).

2. 18 Pa.C.S. § 6101, 6105.

3. Act of April 13, 1988, as amended, P.L. 336, No. 47, § 3, as amended November 17, 1995, P.L. 1118. No. 32 (Spec.Sess. No. 1), § 1.

4. This was filed pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

5. On November 9, 1995, appellant filed a pro se "Motion to Correct an Invalid Sentence/Nunc Pro Tunc," which was denied by the trial court on November 15, 1995. Thereafter, appellant petitioned the trial court again for an appeal nunc pro tunc to this Court, which was denied.

6. Appellant filed the instant appeal pro se. Once this case was accepted for *en banc* consideration, this Court directed the PCRA Court to appoint counsel. The appointed counsel then filed a petition to withdraw and "no-merit" letter pursuant to *Commonwealth v. Finley, supra*. On June 1, 1998, this Court denied counsel's petition to withdraw, and directed the PCRA Court to appoint appellant different counsel, who has subsequently filed an advocacy brief on appellant's behalf.

the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S. § 9545. *See also* Pa.R.Crim.P. 1501(1) ("A petition for post-conviction collateral relief shall be filed within one year of the date the judgment becomes final, except as otherwise provided by statute").

Appellant's PCRA petition is clearly subject to this section, which applies to "[a]ny petition under this subchapter, including a second or subsequent petition." 42 Pa.C.S. § 9545(b)(1). *See Commonwealth v. Conway*, 706 A.2d 1243 (Pa.Super.1997). Therefore, by the explicit language of the statute, appellant's current PCRA petition had to be filed within one year from the date his judgment of sentence became final, which would have been at the conclusion of direct review.

42 Pa.C.S. § 9545(b)(3). Appellant's judgment of sentence became final in 1992, when his motion to withdraw his guilty plea was denied and he did not thereafter file a direct appeal to this Court. The instant PCRA petition (filed in December, 1996) was clearly filed more than one year after appellant's judgment of sentence became final. In addition, none of the exceptions set forth in § 9545(b)(1) apply to this case to excuse the untimeliness of appellant's petition: the delay in filing the instant PCRA petition was not due to interference by government officials, nor was there after-discovered evidence that came to light since the petition became untimely, nor does this case involve a newly recognized constitutional right that has been deemed to apply retroactively.

However, in cases such as appellant's, where a judgment of sentence became final more than one year prior to the effective date of the Act, the legislature enacted a proviso to the amended PCRA which states: "[A] petition where the judgment of sentence became final before the effective date of the amendments shall be deemed timely if the petitioner's first petition was filed within one year of the effective date of the amendments." Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1). The interpretation of this proviso is an issue that has not been fully addressed by this Court or the Supreme Court, and that is the purpose of this Opinion.

One possible interpretation of the proviso is that a second or subsequent PCRA petition by a defendant is timely if his **first** PCRA petition was filed by January 16, 1997, one year after the effective date of the 1995 amendments. The effect of this interpretation would be to make timely all second, third, fourth and subsequent PCRA petitions provided that the defendant filed his first PCRA petition by January, 1996. However, such an interpretation would conflict with the explicit language of the statute, in particular the opening sentence to § 9545, where it states that the section, and its requirement that a petition be filed within one year from the date the judgment of sentence becomes final, applies to "any petition, including a second or subsequent petition." *See* § 1922

(court should not construe statute so as to give effect to only some of its provisions). Consequently, it would violate the intention of the legislature to allow a second or subsequent petition which is otherwise untimely to be deemed timely solely because of when the defendant filed his first PCRA petition.

A related interpretation, focusing on the phrase "within one year of the effective date" would be to make timely all second or subsequent PCRA petitions so long as the first PCRA petition was filed either one year before or one year after the effective date of the 1995 amendments. Under this interpretation, if a defendant's first PCRA petition was filed anytime from January 16, 1995, to January 16, 1997, then all subsequent petitions would be timely. Of course, this interpretation suffers from the same conflict as the prior interpretation, in that it would nullify the legislature's clear intent to apply the one year rule to all PCRA petitions, whether they be first, second, or subsequent petitions.

■ A third possible interpretation of the one year exception is that it only applies to first PCRA petitions. Under this view, a petitioner's first PCRA petition, that would otherwise be considered untimely because it was filed more than one year after the judgment of sentence became final, would be deemed timely if it was filed by January 16, 1997. The effect of this legislatively created window would be to phase in the effect of § 9545 for first PCRA petitions (allowing defendants who had not yet filed a first PCRA petition, no matter when their judgment of sentence became final, to have one year from January 1996 to January 1997 in which to file a timely PCRA petition), while at the same time eliminating the prior practice of permitting multiple and dilatory attempts at post conviction relief. This latter interpretation of § 9545 is the one employed by both the PCRA court in this case, and the Superior Court in *Commonwealth v. Alcorn*,

703 A.2d 1054 (Pa.Super.1997), wherein we stated:

> We note that before the 1995 amendments to the PCRA, this Court and the Supreme Court had held that delay in filing a PCRA petition, standing alone, is not a sufficient reason to deny the petition, but that the delay may be considered as a factor in assessing the petition's merits. *Commonwealth v. Johnson*, 516 Pa. 407, 532 A.2d 796 (1987); *Commonwealth v. McCabe*, 359 Pa.Super. 566, 519 A.2d 497 (1986). It is clear from the enactment of the 1995 amendments that the General Assembly intended to change existing law by providing that delay by itself can result in the dismissal of a petitioner's PCRA petition. As a result, though this result may appear harsh to petitioners like appellant whose second PCRA petition will almost certainly be filed more than one year from the date when their judgment of sentence becomes final, that is the result compelled by the statute. Post conviction relief is afforded petitioners in Pennsylvania through the grace of the legislature [7] ...

*id.* at 1057.[8]

■ Because the third interpretation is the only one which does not contradict some other portion of the statute, we hold that it was the intention of the legislature to permit an otherwise untimely first PCRA petition to be filed within one year following the effective date of the 1995 PCRA amendments, but that exception was not intended to apply to subsequent petitions regardless of when a first petition was filed. Therefore, in the present case, because appellant's current PCRA petition was a second attempt at post conviction relief, and it was filed more than one year after his judgment of sentence became final, it was untimely filed. As a result, the PCRA Court properly denied appellant's petition.

---

7. An accused has no constitutional right to any post conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Commonwealth v. Beasley*, 544 Pa. 554, 678 A.2d 773 (1996), *cert. denied,* — U.S. ——, 117 S.Ct. 1257, 137 L.Ed.2d 337 (1997).

8. With the 1995 amendments, the current PCRA has been referred to as "one of the most restrictive and narrow of all modern state post-conviction remedies." *Lambert v. Blackwell*, 134 F.3d 506, 519 n. 25 (3d Cir.1997), *quoting* Donald E. Wilkes, Jr., *State Post–Conviction Remedies and Relief*, App. A, p. 760 (1996 Ed.).

CONCLUSION:

The PCRA Court properly denied appellant's PCRA petition as it was untimely filed.

Consequently, the order entered by the Court of Common Pleas of Erie County is affirmed.