J-S18043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER HANSON | |
| Appellant | No. 2275 EDA 2014 |

Appeal from the PCRA Order June 3, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000421-1984
CP-39-CR-0001582-1983

BEFORE: BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 17, 2015**

Appellant, Christopher Hanson, appeals *pro se* from the June 3, 2014 order dismissing, as untimely, his serial petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

A previous panel of this Court summarized the relevant procedural history of this case as follows.

> On July 14, 1984, a jury found Appellant guilty of second-degree murder, rape and criminal conspiracy.[1]  On January 30, 1986, the trial court sentenced Appellant to life imprisonment.  This Court affirmed Appellant's judgment of sentence on August 31, 1987, and our Supreme Court denied Appellant's petition for allowance of appeal on March 23, 1988.

_____

[1] 18 Pa.C.S.A. §§ 2502(b), 3121(a) and 903(a), respectively.

> *See Commonwealth v. Hanson*, 534 A.2d 130 (Pa. Super. 1987) (unpublished memorandum), *appeal denied*, 544 A.2d 1341 (Pa. 1988). Appellant has since filed numerous PCRA petitions as well as federal *habeas corpus* petitions, none of which have garnered him relief.
>
> Appellant filed [a previous] *pro se* PCRA petition on February 9, 2010. Therein, Appellant alleged an exception to the PCRA time-bar based on newly discovered evidence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant offered as newly discovered evidence a December 7, 2009 written statement by Colie B. Chappelle, Esquire (Attorney Chappelle) stating that Appellant's co-conspirator, Timothy Seip entered into a secret plea agreement with the Commonwealth in exchange for Seip's testimony at Appellant's trial. On March 31, 2010, the PCRA court entered an order notifying Appellant of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. The PCRA court ultimately dismissed the petition on July 6, 2010 and Appellant filed a timely notice of appeal to this Court.
>
> On June 8, 2011, this Court vacated and remanded for further proceedings. *Commonwealth v. Hanson*, 31 A.3d 737 (Pa. Super. 2011) (unpublished memorandum at 3). The panel concluded that Attorney Chappelle's written statement could support an exception to the PCRA time-bar.
>
>> Although the agreement, much like Appellant's guilt, was determined in an earlier proceeding based upon evidence therein presented, new evidence may be presented to challenge a prior determination. Here, the affidavit and its contents constitute the previously unknown facts upon which Appellant's claim is based. The PCRA court erred in determining these facts could not support application of the time-bar exception.

> *Id.* (unpublished memorandum at 2-3).

> On remand, the PCRA court held a hearing on Appellant's petition. On June 11, 2012, the PCRA court entered an order dismissing Appellant's PCRA petition on the merits.

*Commonwealth v. Hanson*, 82 A.3d 472 (Pa. Super. 2013) (unpublished memorandum at 1-3), *appeal denied*, 83 A.3d 414 (Pa. 2013). Appellant filed a notice of appeal, and this Court affirmed the PCRA court's order on June 27, 2013, concluding that his PCRA petition was untimely and the PCRA court was without jurisdiction to entertain Appellant's claims. *Id.* Our Supreme Court denied Appellant's petition for *allocatur* on December 31, 2013. *Id.*

On April 8, 2014, Appellant filed the instant PCRA petition. On April 15, 2014, the PCRA court issued its Rule 907 notice. Appellant filed two *pro se* responses on May 19, 2014. The PCRA court entered its order dismissing Appellant's PCRA petition as untimely on June 3, 2014. On July 2, 2014, Appellant filed a timely notice of appeal.[2]

---

[2] Although Appellant's notice of appeal was docketed on July 28, 2014, Appellant has provided a copy of the cash slip used by the Department of Corrections to mail his notice of appeal to the PCRA court. The cash slip bears a date of July 2, 2014. Under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012). As a result, we deem Appellant's notice of appeal filed on July 2, 2014, and therefore timely. We further note that Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant raises the following issue for our review.

> Should Appellant be granted PCRA relief based on new evidence in the form of an affidavit signed by Timothy Mark Seip, dated March 28, 2014[?] In that affidavit, attached to Appellant's 907 notice, Exhibit "A", Seip claimed that he was coerced to testify against Appellant [], and was assured of an undisclosed plea agreement with [A]ttorney Makoul and [P]rosecutor Tomsho, and would receive the death sentence if he, (Seip), rejected this plea agreement[.]

Appellant's Brief at 3.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it

implicates the jurisdiction of this Court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, *Ali v. Pennsylvania*, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

In the case *sub judice*, Appellant was sentenced on January 30, 1986, this Court affirmed Appellant's judgment of sentence on August 31, 1987, and our Supreme Court denied Appellant's petition for *allocatur* on March 23, 1988. **See Hanson**, **supra** at 1. As a result, Appellant's judgment of

sentence became final on June 21, 1988, when the time for Appellant to file a petition for a writ of *certiorari* in the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); U.S. S. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[]"). Appellant's instant April 8, 2014 petition was filed almost 26 years after his judgment of sentence became final and more than 17 years after the PCRA's grace period ended, so it was therefore patently untimely.[3] However, Appellant argues that two time-bar exceptions apply in this case. Specifically, Appellant raises the governmental interference and the newly-discovered fact exceptions to the time-bar. Appellant's Brief at 7-8.

_____

[3] The 1995 amendments to the PCRA initiated the current one-year time-bar. The 1995 amendments also granted prisoners whose judgment of sentence had become final more than one year before the implementation of the time-bar, one year from the effective date of the amendments to file their first PCRA petition. Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 3(1). Under this provision "a petitioner's first PCRA petition, that would otherwise be considered untimely because it was filed more than one year after the judgment of sentence became final, would be deemed timely if it was filed by January 16, 1997." ***Commonwealth v. Thomas***, 718 A.2d 326, 329 (Pa. Super. 1998) (*en banc*). However, our Supreme Court has noted this grace period does not apply to second or subsequent PCRA petitions. ***Commonwealth v. Crews***, 863 A.2d 498, 501 (Pa. 2004).

In order to meet the statutory requirements of the governmental interference exception, "[the a]ppellant was required to plead and prove that his failure to raise the claim *previously* was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States…." **Commonwealth v. Chester**, 895 A.2d 520, 523 (Pa. 2006) (internal quotation marks and citation omitted; emphasis in original). A defendant claiming this exception must also show that "the information could not have been obtained earlier with the exercise of due diligence." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2006) (citation omitted).

Likewise, our Supreme Court has previously described a petitioner's burden under the newly-discovered evidence exception as follows.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown"* and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

**Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This

rule is strictly enforced." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2)*.* The sixty (60) day time limit … runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

***Id.*** (some citations omitted). Our Supreme Court has held that Section 9545(b)(2) also requires a showing of due diligence insofar that a petitioner must file the petition within 60 days that the claim could have **first** been presented. ***Commonwealth v. Edmiston***, 65 A.3d 339, 350 (Pa. 2013), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013).

As noted above, Appellant has consistently averred in previous PCRA petitions that the Commonwealth offered Seip a secret plea deal in exchange for his testimony against Appellant. ***See Hanson***, ***supra*** at 2. In his latest PCRA petition, Appellant argues that he has discovered, through an affidavit from Seip, that the Commonwealth threatened to seek the death penalty against Seip, if Seip did not accept its plea offer. Appellant's Brief at 7.

As to the governmental interference exception, Appellant avers the following.

> After receiving Seip's affidavit indicating that Seip had been in discussions for a lenient sentence in exchange for his testimony, Appellant filed the PCRA informing of such actions. Appellant also acquired transcripts of Seip's guilty plea, and had learned of these discussions by [ADA] Tomsho and [Attorney] Chappelle, after the Hughes affidavit in 2006. Appellant acted diligently in suspecting that the Commonwealth may have allso [sic] concealed threats to Seip, now evidenced by Seip's affidavit wherein he states he would get the death penallty [sic] if he rejected the plea agreement. Appellant had proven the applicability of the governmental interference exception under [S]ection 9545(b)(1)(i).

*Id.* In addition, Appellant avers that Seip's affidavit constitutes previously unknown facts so as to satisfy the time-bar exception at Section 9545(b)(1)(ii). *Id.* at 8 n.2; Appellant's Reply Brief at 3.

As this Court explained in our 2013 memorandum disposing of Appellant's last PCRA petition, Seip actually testified at Appellant's **February 19, 2008** PCRA hearing, during which he discussed his plea negotiations with the Commonwealth. *Hanson*, *supra* at 8-9, *quoting* N.T., 2/19/08, at 27-28. Specifically, at said hearing, Seip was called to testify as Appellant's own witness, about Seip's plea negotiations with the Commonwealth. Appellant repeatedly asked Seip whether he received a promise of a five to ten year sentence from the Commonwealth in exchange for testifying against Appellant, to which Seip responded in the negative. N.T., 2/19/08, at 15-16, 18-20, 22-25.

- 10 -

As noted above, Appellant has had knowledge of a purported plea bargain between Seip and the Commonwealth since 2008. **See Hanson**, **supra** at 2. Whether Seip was cooperating with the Commonwealth to gain a favorable sentence, or whether his cooperation was induced through the threat of a negative consequence, such as the imposition of the death penalty, is immaterial. Because Appellant had knowledge of the alleged plea agreement in 2008, Appellant possessed sufficient information to form the underlying basis for the time-bar exception he now alleges in 2015. Therefore, Appellant has failed to prove that he filed the instant PCRA petition within 60 days that the claim could have first been presented. **See Edmiston**, **supra**; 42 Pa.C.S.A. § 9545(b)(2). As a result, the PCRA court correctly concluded that it lacked jurisdiction to consider the merits of Appellant's claims. **See id.**

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's serial PCRA petition as untimely filed. Accordingly, the PCRA court's June 3, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2015

- 11 -