J-S54016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND CALIMAN | |
| Appellant | No. 2992 EDA 2014 |

Appeal from the PCRA Order October 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0925261-1985

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 16, 2015**

Appellant, Raymond Caliman, appeals from the order entered October 10, 2014, by the Honorable Gwendolyn N. Bright, Court of Common Pleas of Philadelphia County, which denied as untimely Caliman's serial Post Conviction Relief Act ("PCRA")[1] petition.  No relief is due.

On June 18, 1986, Caliman was convicted of first-degree murder and possession of an instrument of crime and sentenced to life imprisonment. Although Caliman filed a timely direct appeal to this Court, the appeal was dismissed for failure to file a brief.  On September 30, 1987, Caliman filed a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

PCHA[2] petition requesting reinstatement of his direct appeal rights *nunc pro tunc* and raising various claims of ineffective assistance of counsel. Caliman's direct appeal rights were subsequently reinstated, and this Court thereafter affirmed Caliman's judgment of sentence on October 18, 1988. *See Commonwealth v. Caliman*, 551 A.2d 592 (Pa. Super. 1988) (unpublished memorandum). The Pennsylvania Supreme Court denied *allocatur* on March 30, 1989. *See Commonwealth v. Caliman*, 558 A.2d 530 (Pa. 1989) (Table).

On August 25, 1999, Caliman filed a *pro se* PCRA petition. The PCRA court appointed counsel, who later filed a Petition to Withdraw and a *Turner/Finley*[3] no-merit letter. The PCRA court granted counsel's petition to withdraw and dismissed Caliman's petition as untimely. Caliman did not file an appeal. Caliman subsequently filed PCRA petitions on October 22, 2002, and May 28, 2010, respectively, both of which were denied as untimely and affirmed as such on appeal. *See Commonwealth v. Caliman*, 864 A.2d 575 (Pa. Super. 2004) (unpublished memorandum);

---

[2] The Post Conviction Hearing Act ("PCHA"), the statutory predecessor of the PCRA, was repealed in part, modified in part, and renamed the Post Conviction Relief Act, effective April 13, 1988.

[3] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

*Commonwealth v. Caliman*, 60 A.3d 567 (Pa. Super. 2012) (unpublished memorandum).

On July 29, 2013, Caliman filed the instant PCRA petition – his fourth. The PCRA court again dismissed Caliman's petition as untimely. This appeal followed.

Caliman raises the following issues for our review.

I.  Whether the PCRA petition can be dismissed as "untimely" when the claims presented in the PCHA petition were presented in a timely PCHA petition back in 1987?

II. Whether the PCRA is unconstitutional as applied because the application violates the Statutory Construction Act and the U.S. Constitution?

Appellant's Brief at 2.

Before we may address the merits of a PCRA petition, we must first consider the petition's timeliness because it implicates the jurisdiction of both this Court and the PCRA court. *See Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Id*. (citation omitted). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." *Id*. (citation omitted). "A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the

- 3 -

petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." **Commonwealth v. Harris**, 972 A.2d 1196, 1199-1200 (Pa. Super. 2009) (footnote omitted). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

The 1995 amendments to the PCRA provide a grace period for petitioners whose judgments have become final on or before the passage of the jurisdictional time-bar. This Court has stated that the timeliness provision for convictions that, as here, occurred before the 1995 amendments required a first time PCRA petition to be filed by January 16, 1997. **See Commonwealth v. Thomas**, 718 A.2d 326, 328 (Pa. Super. 1998) (*en banc*). Instantly, Caliman did not file the current PCRA petition until July 29, 2013. Thus, Caliman's petition is patently untimely and he must plead and prove in his petition one of the three enumerated statutory exceptions to the time-bar.

Relying on the Supreme Court's decision in **Commonwealth v. Beasley**, 967 A.2d 376 (Pa. 2009), Caliman first argues that the instant serial PCRA petition is timely because the original PCHA court reinstated his direct appeal rights without addressing his remaining ineffective assistance of counsel claims. Before we address the merits of this issue, we must first determine whether this issue is previously litigated as law of the case. "The 'law of the case doctrine' refers to a family of rules which embody the

concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." ***Commonwealth v. Fears***, 86 A.3d 795, 816 n.23 (Pa. 2014) (citation omitted).

> Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

***Commonwealth v. Viglione***, 842 A.2d 454, 461-461 (Pa. Super. 2004) (citations omitted).

The argument Caliman espouses in his first issue is *identical* to the one previously raised on direct appeal from the denial of his May 2010 PCRA petition. In our August 13, 2012, memorandum, this Court found Caliman's reliance upon ***Beasley*** to be inapposite. Rejecting Caliman's argument that "the failure of the original PCHA court to examine each of his ineffectiveness issues resulted in governmental interference with his right to appeal pursuant to 42 Pa.C.S. § 9545(b)," we concluded that "[i]t is long standing law in this Commonwealth that it is improper to afford relief on additional ineffectiveness claims on the merits when reinstating a defendant's direct appeal right." ***Caliman***, 60 A.3d 576 at *8-9 (citations omitted). We continued our analysis as follows.

> Appellant's contention is even more untenable when one considers that when he filed his *nunc pro tunc* direct appeal, he could have, indeed was required, to raise the ineffectiveness claims he states were never addressed by the PCHA court. Appellant was clearly afforded the opportunity to raise the additional ineffectiveness issues and did forward several the claims during his *nunc pro tunc* direct appeal. Finally, Appellant does not suggest in any manner how this issue was presented within sixty days of the date the claim could have been set forth. Hence, Appellant's first issue is wholly devoid of merit.

*Id*. at 9.

Following our disposition of this issue, Caliman did not seek discretionary review with the Pennsylvania Supreme Court. He has not alleged any changed circumstances that would alter our prior analysis rejecting his claim. Thus, we are precluded by the law of the case doctrine from granting relief on a claim which this Court has already decided.[4] *See Viglione*, *supra*.

Caliman alternatively contends that the jurisdictional time-bar is unconstitutional as applied to him because it violates the Pennsylvania Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et seq.* Caliman argues that "it was not the intent of the General Assembly to have the PCRA time bar considered a jurisdiction bar to a colorable gateway claim of actual innocence especially where, as here, proof of the required mens rea is thin,

---

[4] In the future, we caution Caliman's counsel, Cheryl J. Sturm, Esquire, against merely regurgitating identical claims that this Court has previously decided. It is a waste of this Court's time and resources.

and there is new reliable evidence suggesting Appellant was having an epileptic seizure when he shot the victim." Appellant's Brief at 17.

This argument again echoes one previously addressed by this Court in our August 13, 2012, memorandum, although in that petition Caliman alleged that the jurisdictional time-bar violated the privileges and immunities clause of the Fourteenth Amendment. We correctly noted then that "[t]he PCRA statute does not prohibit persons whom assert actual innocence from achieving relief if they present a legitimate claim based on new evidence." *Caliman*, *supra*, 60 A.3d 576 at *13. Tellingly, Caliman does not now assert his actual innocence, rather, he admits that "he shot the victim." Appellant's Brief at 17. It is therefore this admission, and not the jurisdictional time-bar, that prevents him from proving his actual innocence.[5]

Finally, we note Caliman's additional claim that the PCRA is unconstitutional as applied to persons raising federal constitutional claims rings hollow. The PCRA explicitly states that claims "arising under the Constitution or law of the United States" decidedly are cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(ii).

---

[5] We note that Caliman's claim that the shooting was a result of an epileptic seizure is not an assertion of innocence, but, at the most, constitutes mitigating evidence. Regardless, Caliman does not assert that he filed his PCRA petition within 60 days of discovering the fact of his alleged seizure. *See* 42 Pa.C.S.A. § 9545(b)(2).

As Caliman has failed to assert a meritorious timeliness argument, we agree with the PCRA court that the serial PCRA petition is patently untimely.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2015