J-S10022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN L. ROMANSKY, | |
| Appellant | No. 1872 EDA 2015 |

Appeal from the PCRA Order Entered May 28, 2015
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): 42-CR-1986

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED FEBRUARY 10, 2016**

Appellant, Steven L. Romansky, appeals *pro se* from the post-conviction court's May 28, 2015 order denying his third petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In a prior decision, this Court set forth the procedural history of Appellant's case, as follows:

> On September 17, 1986, [Appellant] was convicted by a jury of arson, reckless burning or exploding, causing or risking catastrophe, and tampering with evidence. The court subsequently granted [Appellant's] motion in arrest of judgment as to the arson conviction. [Appellant] was sentenced on February 10, 1987, to an aggregate term of 4 to 10 years' imprisonment.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] [Appellant] was later sentenced, on unrelated convictions, in Monroe County and Pike County.

This Court affirmed the judgment of sentence on November 24, 1987. *Commonwealth v. Romansky*, 536 A.2d 828 (Pa. Super. 1987) (unpublished memorandum). No petition for allowance of appeal was filed with the Pennsylvania Supreme Court. Thereafter, [Appellant] filed his first PCRA petition on September 18, 1995, which was dismissed by the court on April 28, 1999. This Court affirmed the denial on December 17, 1999, and the Pennsylvania Supreme Court denied allowance of appeal on July 25, 2000. *Commonwealth v. Romansky*, 750 A.2d 374 [Pa. Super. 1999) (unpublished memorandum),] *appeal denied*, … 795 A.2d 974 ([Pa.] 2000).

*Commonwealth v. Romansky*, No. 2478 EDA 2002, unpublished memorandum at 1-2 (Pa. Super. filed March 24, 2003).

Appellant filed a second, *pro se* PCRA petition on April 17, 2002. The PCRA court denied that petition on July 10, 2002, reasoning that Appellant was not eligible for PCRA relief because he had completed serving his sentence on the underlying conviction in this case. *See id.* at 2. Appellant timely appealed, and this Court agreed that Appellant was not eligible for PCRA relief. We explained:

As the PCRA court noted, although [Appellant] is currently serving a sentence in the state penitentiary, his sentence on the Wayne County conviction expired in 1997. [Appellant] argues that the case of *Garlotte v. Fordice*, 515 U.S. 39 (1995), renders him eligible for relief, as he is currently serving an aggregate sentence imposed by Wayne County, Monroe County, and Pike County, of 16 to 34 years' imprisonment. However[,] as the PCRA court observed, the petitioner in *Garlotte* was serving consecutive sentences imposed by the same court. In the present matter, [Appellant] was serving three sentences imposed by three different trial courts. Therefore, *Garlotte* is not applicable to the present case, and [Appellant] remains ineligible for relief, as he is not currently serving a sentence for the underlying Wayne County conviction.

*Id.* at 3-4. We also pointed out that Appellant's 2002 petition appeared to be untimely filed. *Id.* at 2 n.2. For these reasons, we affirmed the PCRA court's order denying Appellant's second petition.

On May 23, 2012, Appellant filed the *pro se* PCRA petition underlying the present appeal. On May 28, 2015, the PCRA court issued an order dismissing Appellant's petition, again concluding that he is not eligible for post-conviction relief because "he is not currently serving a sentence for the underlying Wayne County conviction." PCRA Court Order, 5/28/15. Appellant filed a timely, *pro se* notice of appeal. Herein, he raises two issues for our review:

> 1. Did the PCRA court abuse its discretion, commit an error of law and deny [A]ppellant his state and federal equal protection and due process rights when the court (1) failed to issue the mandatory notice of intent to dismiss; (2) failed to consider aggregate sentences on the issue of custody; and (3) failed to abide by the law of the case doctrine on the issue of custody?
>
> 2. Does this Court … have the authority to grant relief when the issue of innocence is true, undeniable and supported by the record without further delay?

Appellant's Brief at 4.

We cannot address Appellant's claims for several reasons. First, as this Court concluded in our 2003 decision, quoted *supra*, Appellant is ineligible for PCRA relief because he is no longer serving a term of incarceration based on the underlying conviction in Wayne County. While Appellant reiterates his argument that under **Garlotte**, his 'aggregate sentences' make him eligible for relief, this Court rejected that claim in

2003. *See Romansky*, No. 2478 EDA 2002, unpublished memorandum at 3-4. Additionally, Appellant's newest contention that he is eligible for relief pursuant to 42 Pa.C.S. § 9757 is meritless. That section simply directs that,

> [w]henever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed."

42 Pa.C.S. § 9757. This provision has no bearing on whether Appellant is currently incarcerated for his underlying conviction in Wayne County. Because this Court has previously determined that he is not (which the record supports), we likewise conclude that Appellant is ineligible for post-conviction relief.

Nevertheless, we also point out that even if Appellant were still incarcerated on his Wayne County conviction, his 2012 petition is patently untimely. Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on December 24, 1987, at the expiration of the thirty-day time-period for seeking review with the Pennsylvania Supreme Court from this Court's decision affirming his judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3) (directing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Accordingly, Appellant's current petition, filed in 2012, is patently untimely.[1] Appellant does not plead, let alone prove, the

---

[1] We note that the PCRA was amended in 1995 to add the timeliness provisions of section 9545(b). A *proviso* to the 1995 amendments provides a grace period for petitioners, such as Appellant, whose judgments of sentence became final on or before the January 16, 1996 effective date of the
*(Footnote Continued Next Page)*

applicability of any of the above-stated exceptions. Therefore, we would be without jurisdiction to assess Appellant's claims, even if he were eligible for PCRA relief.[2] *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2016

*(Footnote Continued)* ——————————

amendments. However, the *proviso* applies only to *first* petitions filed by January 16, 1997. *See Commonwealth v. Thomas,* 718 A.2d 326, 329-330 (Pa. Super. 1998) (*en banc*). Because this is Appellant's third petition, and it was filed in 2012, the *proviso* does not apply.

[2] We note that the untimeliness of Appellant's petition defeats his challenge to the PCRA court's failure to issue a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. "[O]ur Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (quoting *Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa. Super 2007) (citing *Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000)).