**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERRY EUGENE WILSON | : | |
| | : | |
| Appellant | : | No. 343 MDA 2017 |

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-MD-0001703-1984

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED JANUARY 10, 2018**

Jerry Eugene Wilson appeals from the order, entered in the Court of Common Pleas of Dauphin County, dismissing his petition for writ of habeas corpus, which the trial court treated as an untimely petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

In 1985, a jury found Wilson guilty of first-degree murder; on June 4, 1985, the trial court sentenced him to a mandatory term of life imprisonment without the possibility of parole. In or around 1989, Wilson filed his first petition for collateral relief,[1] which the trial court denied. On May 11, 2012, Wilson filed a second PCRA petition, pro se, and on March 25, 2013, he filed an amended petition for post-conviction relief. There, Wilson argued the

_____

[1] Wilson filed his first petition for collateral relief under the PCRA's predecessor, the Post Conviction Hearing Act.

_____

*   Retired Senior Judge assigned to the Superior Court.

United State Supreme Court's decision in **Lafler v. Cooper**, 132 S. Ct. 1376, 1384 (2012), created a new constitutional right entitling him to post-conviction relief. The trial court denied Wilson's second petition by order, and this Court affirmed. **Commonwealth v. Wilson**, 1873 MDA 2013 (Pa. Super. June 24, 2014). On December 21, 2016, Wilson filed the instant writ of habeas corpus. On January 20, 2017, the trial court denied Wilson's petition, finding it was untimely under the PCRA. On February 17, 2017, Wilson filed a timely notice of appeal. Both Wilson and the PCRA court have complied with Pa.R.A.P. 1925. On appeal, Wilson raises the following issues:

1. Whether the trial court erred by treating [Wilson's] writ of habeas corpus as a PCRA where the claim asserted was not cognizable under the PCRA statute vesting jurisdiction in the trial court?

2. Whether 18 Pa.C.S.[A.] § 1102(a) violates the void for vagueness doctrine where it fails to give notice to a person of ordinary intelligence that the term life imprisonment means life without parole?

3. Whether a reviewing court has statutory authority to impose a sentence of life without parole where Pa.C.S.[A.] § 1102(a) does not provide language suggesting parole cannot be issued.

Brief of Appellant, at 4.

The PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S.A. § 9542; **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013). **See Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998) (PCRA subsumes remedy of habeas corpus with respect to remedies offered under PCRA). Unless the PCRA does not provide for a

potential remedy, the PCRA statute subsumes the writ of habeas corpus. *Taylor*, 65 A.3d at 466. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition; a defendant cannot escape the PCRA time-bar by titling his petition for relief as a writ of habeas corpus. *Id.*

Instantly, Wilson claims that his challenge to the *constitutionality* of section 1102(a) is not cognizable under the PCRA, and thus, the PCRA court erred in construing his writ of habeas corpus as a PCRA petition. Specifically, Wilson avers that section 1102(a)(1) violates the void-for-vagueness standard. Section 1102(a)(1) provides in relevant part as follows: "[A] person who has been convicted of a murder of the first degree . . . shall be sentenced to death or *a term of life imprisonment*[.]" 18 Pa.C.S.A. § 1102(a)(1) (emphasis added).[2]

Wilson's void-for-vagueness claim invokes a constitutional question. Duly enacted legislation is presumed valid, and unless it clearly, palpably, and plainly violates the Constitution, it will not be declared unconstitutional. 1 Pa.C.S.A. § 1922(3) ("[T]he General Assembly does not intend to violate the Constitution of the United States or this Commonwealth."); *See Commonwealth v. Davidson*, 938 A.2d 198, 207 (Pa. 2007). "Under the void-for-vagueness standard, a statute will only be found unconstitutional if

---

[2] Section 6137 of the Prisons and Parole Code, which provides that "the [parole] board may . . . release on parole any inmate . . . **except an inmate . . . serving life imprisonment**," was not in effect when Wilson was sentenced in 1985. 61 Pa.C.S.A. § 6137(a)(1) (emphasis added).

the statute is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." ***Davidson***, 938 A.2d at 207 (Pa. 2007) (quotations and citations omitted). A statute will pass a void-for-vagueness constitutional challenge if it "defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." ***Id.*** (quotations, citations and brackets omitted).

Our Supreme Court has held that a claim that a defendant's constitutional rights were violated is cognizable under the PCRA. ***Commonwealth v. Peterkin***, 722 A.2d at 640-641. Therefore, the writ of habeas corpus is unavailable to advance an averment that a statute is unconstitutional under the void-for-vagueness standard. Wilson's claim challenging the constitutionality of section 1102(a)(1), under which he was sentenced, is therefore, cognizable under the PCRA. Accordingly, the PCRA is the sole means by which Wilson may seek relief for his claim. ***Taylor***, ***supra***.

Having established that the PCRA court properly treated Wilson's habeas petition as a PCRA petition, we must address the petition's timeliness; the PCRA time limitations implicate our jurisdiction and may not be altered to address the merits of a petition. ***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

- 4 -

Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in subsections 9545(b)(1)(i)-(iii), which provides as follows:

**(b) Time for filing petition.–**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petitioner alleged and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9543(b)(3).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Wilson was sentenced to life imprisonment on June 27, 1985.  On December 4, 1986, this Court affirmed Wilson's judgment of sentence.  In 1987, following the expiration of the thirty day period in which Wilson was allowed to seek review in our Supreme Court, Wilson's judgment of sentence

- 5 -

became final. Wilson advances no argument that his petition falls under any of the exceptions enumerated in section 9545(b). Thus, this petition, filed approximately thirty years after Wilson's judgment of sentence became final, is facially untimely.[3]

The PCRA court properly concluded that the instant petition is cognizable under the PCRA and that it lacked jurisdiction. Its decision is free of legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2018

_____

[3] In 1995, our Legislature amended the PCRA, adding the timeliness provisions of section 9545(b). The 1995 amendments provided a grace period for petitioners whose judgment of sentence became final on or before the January 16, 1996 effective date of the amendments. However, the grace period applies only to the *first* petitions filed by January 16, 1997. **See Commonwealth v. Thomas**, 718 A.2d 326, 329-30 (Pa. Super. 1998) (*en banc*). As Wilson's current petition was his second attempt at post-conviction relief and was filed more than one year after his judgment of sentence became final, this exception does not apply.