J-S20042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KAWANIA MAE MCINTOSH | : | |
| | : | |
| Appellant | : | No. 1474 MDA 2017 |

Appeal from the Order Entered October 13, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003040-1993

BEFORE: GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED APRIL 18, 2018**

Appellant, Kawania Mae McIntosh, appeals *pro se* from the order entered in the Berks County Court of Common Pleas, which dismissed as untimely her serial petition for collateral relief (labeled a petition for writ of *habeas corpus*), per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On April 5, 1994, the court convicted Appellant of first-degree murder, robbery, receiving stolen property, abuse of a corpse, and other offenses. The court sentenced Appellant on April 19, 1994, to life imprisonment for the murder conviction and imposed a consecutive 5 to 20 years' imprisonment for some of the remaining offenses. This Court affirmed the judgment of sentence on March 27, 1995, and our Supreme Court denied allowance of appeal on August 29, 1995. *See Commonwealth v. McIntosh*, 660 A.2d 655 (Pa.Super. 1995), *appeal denied*, 544 Pa. 644, 664 A.2d 973

(1995).

Appellant timely filed her first PCRA petition *pro se* on January 16, 1997.[1] The court appointed counsel, who filed a motion to withdraw and "no-merit" letter per **Turner**/**Finley**[2] on July 28, 1997. On August 5, 1997, the court issued appropriate Pa.R.Crim.P. 907 notice and granted counsel's request to withdraw. The court denied PCRA relief on August 20, 1997. This Court affirmed on October 15, 1998. **See Commonwealth v. McIntosh**, 731 A.2d 196 (Pa.Super. 1998).

From 2000 to 2014, Appellant filed at least two more unsuccessful PCRA petitions. On July 25, 2017, Appellant filed the current *pro se* petition for writ of *habeas corpus*, which the court treated as a serial PCRA petition. The court issued Rule 907 notice on August 30, 2017. Appellant filed a premature notice of appeal on September 21, 2017.[3] The court denied PCRA relief on October

_____

[1] The 1995 amendments to the PCRA gave Appellant a grace period to file her **first** PCRA petition within one year of January 16, 1996, the effective date of the amendments. **See Commonwealth v. Thomas**, 718 A.2d 326, 329 (Pa.Super. 1998) (*en banc*) (holding: "[I]t was the intention of the legislature to permit an otherwise untimely first PCRA petition to be filed within one year following the effective date of the 1995 PCRA amendments, but that exception was not intended to apply to subsequent petitions regardless of when a first petition was filed").

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] On October 2, 2017, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b). The PCRA court opinion indicates Appellant filed her concise statement on October 18, 2017, but it was too vague to

13, 2017.[4]

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). As well, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. ***See***

_____

permit meaningful review. Nevertheless, the certified docket entries and record do not contain Appellant's statement. Based on our disposition that Appellant's current PCRA petition is untimely, we decline to address any non-compliance with Rule 1925(b).

[4] Appellant's premature notice of appeal relates forward to October 13, 2017. ***See*** Pa.R.A.P. 905(a)(5) (stating: "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant alleges the denial of a fair trial, due process of law, and the ineffectiveness of trial counsel. These claims are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(i), (ii) (describing as cognizable under PCRA claims of constitutional violations and ineffectiveness of counsel). Thus, the court properly treated Appellant's most recent prayer for collateral relief as a PCRA petition. **See Peterkin, supra**. Here, Appellant's judgment of sentence became final on November 27, 1995, upon expiration of the time to file a petition for writ of *certiorari* in the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on July 25, 2017, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant did not acknowledge the untimeliness of her petition and made only a passing reference to the exception at Section 9545(b)(1)(ii). Nevertheless, Appellant failed to explain how this exception applies to her case. Thus, the court properly dismissed Appellant's petition as untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:04/18/18