J-S46022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRUCE A. PETTIFORD | |
| Appellant | No. 2854 EDA 2015 |

Appeal from the PCRA Order August 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0603811-1991

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 14, 2016**

Bruce A. Pettiford appeals, *pro se*, from the order entered in the Philadelphia County Court of Common Pleas, dated August 13, 2015, dismissing his second petition filed under the Post-Conviction Relief Act ("PCRA").[1]  Pettiford seeks relief from the judgment of sentence imposed on April 29, 1993, following his convictions of rape and corruption of minors.[2]  Because we agree the petition is untimely, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3121 and 6301, respectively.

The facts and procedural history are as follows.  Pettiford molested his minor daughter on multiple occasions for a five-year period.[3]  On April 6, 1992, a jury convicted Pettiford of the above-mentioned crimes.  On April 29, 1993, the trial court imposed an aggregate sentence of ten to 25 years' incarceration.  On March 8, 1994, a panel of this Court dismissed Pettiford's direct appeal for failure to file a brief.

On January 23, 1997, Pettiford filed his first *pro se* PCRA petition.  On March 14, 1997, without appointing counsel or conducting an evidentiary hearing, the PCRA court dismissed his petition as untimely.  Pettiford appealed, and on December 17, 1997, a panel of this Court dismissed the appeal for failure to a file a brief.  The Pennsylvania Supreme Court denied his petition for allowance of appeal on November 9, 1999.  ***See Commonwealth v. Pettiford***, 747 A.2d 367 (Pa. 1999).

Based on the docket, the matter went dormant until Pettiford filed the present, *pro se* PCRA petition on July 3, 2014, and a supplemental petition on July 24, 2014, in which he asserted both the governmental interference and newly-discovered fact exceptions to the timeliness requirement.[4]  After reviewing the matter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without first conducting an evidentiary hearing

_____

[3]  The victim was two years old when the sexual abuse began.

[4]  ***See*** 42 Pa.C.S. 9545(b)(i), (ii).

on July 10, 2015. Specifically, the court found the petition was untimely filed and did not properly invoke an exception to the timeliness provisions of the PCRA, and therefore, it did not have jurisdiction to review the matter. Pettiford filed a response to the Rule 907 notice on July 31, 2015. Nevertheless, on August 13, 2015, the PCRA court denied Pettiford's petition. This appeal followed.[5]

Pettiford raises the following issues for our review:

1. Did the lower court err in failing to observe the total seriousness as set out in an initial provision, as such requested a need for a protective order for witness?

2. Did the lower court err by after ascertaining the initial information relating to the request for a protective order failing to observe the protective position both any prosecutorial entity and persons so involved in the defrauding of a minor under both state and federal laws, placed such persons in danger under state actor mindset?

3. Did the lower court err in failing to observe both Medina rulings and credit for time served by law to improperly place a matter out of its purview?

4. Did the lower court err in failing to observe statutory language regarding maximums?

5. Did the lower court err in failing to observe necessity for appearance of fairness in the process?

---

[5] The PCRA court did not order Pettiford to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). Nevertheless, on October 15, 2015, the court issued an opinion under Pa.R.A.P. 1925(a). During this time, Pettiford filed a concise statement and supplemental concise statement on October 9, 2015, and October 23, 2015, respectively.

6. Did the lower court err in failing to observe federal supremacy over state laws, especially as such matters would relate to the utilizations of subborned [sic] perjury by a prosecutor?

7. Did the lower court err in failing to observe its primary obligations related to there existing no possible legality to become implied to any conviction obtained upon subborned [sic] perjury in a circumstance where a witness is available to testify to such, evidence is readily available under a lawful standard indicia of reliability, where the mere statement of a counsel for a state funded agency is able to validate never being contacted by a prosecutor whose witness was defrauded, requiring the issuance of a "protective order for such witness to testify without fear of the prosecution"?

Pettiford's Brief at IV (grammatical errors in original; emphasis removed).

We begin by noting that when reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted), *appeal denied*, 72 A.3d 600 (Pa. 2013).

Furthermore, "[c]rucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951

A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id**.

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Pettiford's judgment of sentence became final 30 days after March 8, 1994, on April 7, 1994, when the time period within which to file a petition for allowance of appeal expired. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. Moreover, pursuant to Section 9545(b)(1), Pettiford had one year from the date his judgment of sentence became final to file a PCRA petition. **See Taylor**, **supra**. The instant petition was not submitted until July 3, 2014, approximately 20 years later, making it patently untimely.[6]

---

[6] There exists a *proviso* to the 1995 amendments to the PCRA that provides a grace period for petitioners whose judgments became final on or before the January 16, 1996, effective date of the amendments. However, the *proviso* applies to first PCRA petitions only, and the petition must be filed by January 16, 1997. **See Commonwealth v. Thomas**, 718 A.2d 326 (Pa. Super. 1998) (*en banc*). It is evident Pettiford is not entitled to the relief provided by the *proviso.*

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Moreover, we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). It merits mention that Pettiford's brief is disjointed, rambling, and lacking at various points.

As stated above, Pettiford appears to raise a myriad of issues in his statement of questions involved. **See** Pettiford's Brief at IV. However, in the argument section of his brief, Pettiford focuses his assertion on the fact

that his daughter, the victim in the underlying matter, has purportedly recanted her testimony, in which she accused him of molesting her, and now claims that her mother and the prosecutor in the matter forced her to commit perjury at Pettiford's trial. *Id.* at 3-6. Pettiford also seeks a protective order for his daughter based on the subornation-of-perjury actions by the mother and prosecutor so that she can testify. *Id.* He references a "personal injury fraud" committed by the mother and prosecutor but provides no other details regarding the alleged crime. *Id.* at 4.

We note Pettiford's allegations touch upon the newly discovered fact exception in Section 9545(b)(1)(ii), as well as the governmental interference exception in Section 9545(b)(1)(i). To establish the newly-discovered fact exception to the PCRA time-bar, the petitioner must allege and prove that "there were *facts* that were unknown to him and that he could not have ascertained those *facts* by the exercise of due diligence. The focus of the exception is on the newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (internal quotations and citations omitted) (emphasis in original).

With respect to the governmental interference exception, we note "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could

not have been obtained earlier with the exercise of due diligence."

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008), *cert.*

*denied*, 555 U.S. 916 (2008).

Because both exceptions call for due diligence, we are guided by the

following: "Due diligence demands that the petitioner take reasonable steps

to protect his own interests. A petitioner must explain why he could not

have learned the new fact(s) earlier with the exercise of due diligence. This

rule is strictly enforced." ***Commonwealth v. Brown***, 111 A.3d 171, 176

(Pa. Super. 2015) (citations omitted), *appeal denied*, 125 A.3d 1197 (Pa.

2015).

Here, the PCRA court found the following:

[Pettiford]'s allegation of ongoing prosecutorial fraud to maintain his incarceration was insufficiently developed to satisfy section 9545(b)(1)(i). *See* PCRA petition, 7/3/14 at 3. Among numerous disjointed arguments, [Pettiford] alluded to unspecified personal injury compensation in which the complainant was defrauded. *Id.* [Pettiford]'s incoherent pleadings did not establish jurisdiction.

[Pettiford] similarly failed to demonstrate timeliness under section 9545(b)(1)(ii). Specifically, [Pettiford] baldly claimed that the complaining witness in the underlying case, his daughter, has now "verified" his lack of culpability. *Id*. at 4. To the extent that [Pettiford] was attempting to present the fact of her recantation of inculpative testimony, he failed to articulate when he became aware of such recantation and the form that it took. Furthermore, [Pettiford] declined to even acknowledge his burden of establishing that the purported recantation was previously unascertainable through the exercise of due diligence. [Pettiford] failed to explain alternatively why such efforts would have been unsuccessful. [Pettiford]'s silence on the issue of due diligence was found insufficient to satisfy his burden of proof under section 9545(b)(1)(ii). [Pettiford]'s supplemental filings

did not remedy the defects in his initial petition but instead interweaved various legal concepts without perspicuity.

PCRA Court Opinion, 10/15/2015, at 4 (footnote omitted).

We agree with the court's well-reasoned analysis. First, we note Pettiford has failed to put forth any evidence regarding the newly-discovered fact, specifically, that the victim is now purportedly recanting her prior allegations that he sexually abused her. A review of the records reveals that other than Pettiford's mere allegation of the victim's recantation, there is no evidence or statement that she is willing to recant. To that extent, Pettiford did not provide a signed certification, indicating what the victim would testify to at an evidentiary hearing. *See* 42 Pa.C.S. § 9545(d)(1).

Second, which applies to both exceptions, Pettiford has failed to demonstrate that he acted with due diligence in acquiring this information regarding the new fact and the governmental interference. Pettiford merely states, "The appellant filed within 60 days his P.C.R.A. Submission[, s]pecifically seeking to inform the lower court of the seriousness associated with a need for a PROTECTIVE ORDER to emanate from such court [r]eflective of the fully abilities of the witness to establish a verification before the court." Pettiford's Brief at 3. Pettiford does not explain why he could not have learned the new fact or governmental interference earlier

with the exercise of due diligence.[7]  **Brown**, 111 A.3d at 176.  As such, he has failed to sufficiently develop his newly-discovered fact and governmental interference claims.  Accordingly, we conclude Pettiford has failed to prove he qualifies for an exception to the PCRA's time bar.  Therefore, we find the PCRA court did not err in denying his petition as untimely, and the court was without the jurisdiction to further consider the matter.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2016

---

[7]  Moreover, although he baldly claims he filed his PCRA petition within 60 days of learning of the victim's recantation, he failed to supply the court with any specific facts to support his assertion, that is, when and how he became aware of the victim's willingness to recant.