J-S55015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KENNETH ALLEN GURNEE, | : | |
| | : | |
| Appellant | : | No. 272 MDA 2016 |

Appeal from the PCRA Order January 14, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000575-1994

BEFORE: DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                     **FILED OCTOBER 17, 2017**

Appellant, Kenneth Allen Gurnee, appeals from the Order entered on January 14, 2016, in the Court of Common Pleas of Bradford County dismissing as untimely his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

Appellant challenges the legality of the sentence imposed in connection with his convictions arising from his 1994 kidnapping and rape of a child.  On April 13, 1995, a jury convicted Appellant of Kidnapping, Terroristic Threats, two counts of Indecent Assault, two counts of Aggravated Indecent Assault, three counts of Involuntary Deviate Sexual

_____

[*] Retired Senior Judge assigned to the Superior Court.

Intercourse, and three counts of Rape.[1]  On June 1, 1995, the trial court sentenced Appellant to an aggregate term of 20 to 56 years' incarceration. Although Appellant filed a direct appeal, this Court quashed it as untimely. *Commonwealth v. Gurnee*, No. 826 Harrisburg 1995 (Pa. Super. filed January 10, 1996) (*per curiam*).  Thus, Appellant's Judgment of Sentence became final on July 3, 1995.[2]  *See Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007) (where petitioner filed untimely notice of appeal and his appeal was dismissed, his judgment of sentence became final upon expiration of time for taking the direct appeal by filing a timely notice of appeal).

On March 19, 2001, Appellant filed a *pro se* PCRA Petition, his first, which the trial court denied after appointing counsel.  This Court affirmed. *Commonwealth v. Gurnee*, No. 1194 MDA 2001 (Pa. Super. filed December 17, 2002) (unpublished memorandum).

On September 8, 2015, Appellant filed the instant PCRA Petition, his second, claiming his sentence is illegal pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015).  After providing notice to Appellant pursuant to Pa.R.Crim.P.

---

[1] 18 Pa.C.S. § 2901; 18 Pa.C.S. § 2706; 18 Pa.C.S. § 3126; 18 Pa.C.S. § 3125; 18 Pa.C.S. § 3123; and 18 Pa.C.S. § 3121, respectively.

[2] July 1, 1995, was a Saturday.  *See* 1 Pa.C.S. § 1908.

907, the PCRA court dismissed Appellant's Petition as untimely on January 14, 2016.

Appellant filed a *pro se* Notice of Appeal on February 11, 2016. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

I. Did the [PCRA] [c]ourt err in denying the instant [PCRA] Petition when it stated that the Supreme Court of Pennsylvania's ruling in [**Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015)] does not offer retrospective relief when through the "void *ab initio*" doctrine, [**Hopkins**] retains implied retroactivity since the ruling voids the statutes from their inception, thereby they did not exist at the time [Appellant] was sentenced?

II. Did the [PCRA] [c]ourt err in denying the instant [PCRA] Petition when it failed to hear the merits of [Appellant's] case, when he filed the instant [PCRA] timely by filing within 60 days of the date he found his sentence to be illegal under the Supreme Court of Pennsylvania's ruling in [**Hopkins**]?

III. Did the [PCRA] [c]ourt err in denying the instant [PCRA] Petition when [Appellant] raised a legality of sentence claim which through the Court's inherent power always retains the jurisdiction to correct?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Any second or subsequent petition, such as the instant PCRA Petition, filed after the effective date of the 1995 amendments to the PCRA "is governed by the PCRA as thus amended." *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999).

Here, Appellant's Judgment of Sentence became final on July 3, 1995, upon expiration of the time to file a direct appeal. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(3); *Valentine*, *supra* at 349. Appellant's Judgment of Sentence became final before the effective

- 4 -

date of the 1995 amendments to the PCRA, which included a grace period of one year for petitioners like Appellant. **See Commonwealth v. Thomas**, 718 A.2d 326, 329 (Pa. Super. 1998). However, the grace period applied only to PCRA petitions filed by January 16, 1997. **Id. See also** 42 Pa.C.S. § 9545(b)(1). Appellant filed this PCRA Petition on September 8, 2015, more than 18 years after the PCRA deadline, and more than 20 years after his Judgment of Sentence became final. Appellant's Petition is, thus, facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 5 -

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).  *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Here, in relying on *Alleyne* and *Hopkins*, *supra*, Appellant attempts to invoke the "new fact" timeliness exception provided in Section 9545(b)(1)(ii) to challenge the legality of his sentence, averring that the court applied the mandatory minimums provided in 42 Pa.C.S. § 9718. Appellant claims that he filed his Petition within 60 days of learning of *Hopkins*, *supra*, in the prison law library.  Appellant's Brief at 17.

Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition.  *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

Our Supreme Court has expressly held that "subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii)[.]" *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011).  *See also Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (rejecting "the notion that judicial decisions can be considered newly-discovered facts

which would invoke the protections afforded by [S]ection 9545(b)(1)(ii).").

Given this binding precedent, Appellant's argument merits no relief.

We also reject Appellant's attempt to circumvent the timeliness requirements and the PCRA framework by arguing that the PCRA time restrictions cannot apply to sentences that were later deemed unconstitutional as they are "void *ab initio*." Appellant's Brief at 18. This argument ignores clear precedent, and effectively asks this Court to ignore *Hopkins*, *supra*, and *Washington*, *infra*, and conclude *Alleyne* announced a substantive rule that applies retroactively. *See also Commonwealth v. Ciccone*, 152 A.3d 1004, 1007-08 (Pa. Super. 2016) (*en banc*) (rejecting similar void *ab initio* argument and holding that "we likewise reject the position that a mandatory sentencing statute rendered illegal by *Alleyne* is void *ab initio* thereby rendering any sentence imposed thereunder invalid.").

Even if Appellant had attempted to invoke the timeliness exception under Section 9545(b)(1)(iii), Appellant's claim that he filed his PCRA Petition within 60 days of the decision in *Hopkins*, *supra*, would merit no relief. The United States Supreme Court decided *Alleyne* on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within 60 days

of June 17, 2013.[3]  *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period begins to run upon the date of the underlying judicial decision).  Appellant filed this PCRA Petition on September 8, 2015, well after 60 days of the *Alleyne* decision.

Moreover, our Supreme Court has recently reiterated that *Alleyne* does not apply retroactively on post-conviction collateral review.  *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely.  We, thus, affirm the denial of PCRA relief.

---

[3] This Court applied *Alleyne* in *Hopkins*, *supra*, on June 15, 2015. However, this Court recently reiterated that "the *Hopkins* decision did not announce a 'new rule,' [for purposes of 42 Pa.C.S. § 9545(b)(1)(iii)] but rather simply assessed the validity of Section 6317 under *Alleyne* and concluded that particular mandatory minimum sentencing statute was unconstitutional." *Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016).  Accordingly, Appellant's attempt to rely on *Hopkins* to calculate the 60-day period is misplaced.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017