J-S79015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENNETH BYRON DAVENPORT | : | |
| | : | |
| Appellant | : | No. 782 EDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000117-1973

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 06, 2018**

Kenneth Byron Davenport appeals, *pro se*, from the order entered February 10, 2017, in the Court of Common Pleas of Montgomery County, dismissing his serial petition filed under the Post-Conviction Relief Act ("PCRA")[1] as untimely. On appeal, Davenport claims he is entitled to PCRA relief under ***Miller v. Alabama***, 567 U.S. 460 (2012),[2] and ***Montgomery v.***

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] In ***Miller***, the United States Supreme Court held that "mandatory life without parole ***for those under the age of 18 at the time of their crimes*** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Miller***, 567 U.S. at 465 (emphasis added).

*Louisiana*, 136 S. Ct. 718 (January 25, 2016).[3]  Based on following, we disagree and, therefore, affirm.

On March 11, 1973, Davenport, then a Drexel University student, murdered four family members:  his father, mother, and two brothers.  He was originally found guilty of four counts of first-degree murder[4] on April 11, 1974, but because of erroneous jury instructions, he was granted a new trial.  On June 24, 1976, at his re-trial, a jury again convicted Davenport of four counts of first-degree murder.  On April 29, 1977, Davenport was sentenced to four consecutive life terms of imprisonment without the possibility of parole.  Davenport did not file a direct appeal but did seek post-conviction relief.  In 1986, a panel of this Court affirmed the denial of his first post-conviction petition.  Both the Pennsylvania Supreme Court and the United States Supreme Court denied review.  *See Commonwealth v. Davenport*, 509 A.2d 1319 (Pa. Super. 1986) (unpublished memorandum), *appeal denied*, 563 A.2d 886 (Pa. 1987), *cert. denied*, 493 U.S. 996 (1989).

---

[3] In **Montgomery**, the Supreme Court held that **Miller** was a new substantive right that, under the United States Constitution, must be applied retroactively in cases on state collateral review.  **Montgomery**, 136 S.Ct. at 736.

[4]  18 Pa.C.S. § 2502(a).

Davenport filed the instant, serial PCRA petition[5] on February 26, 2016, and a supplemental petition on September 16, 2016. After determining the petition was untimely, the PCRA court notified Davenport of its intent to dismiss the petition without a hearing on December 19, 2016. **See** Pa.R.Crim.P. 907. Davenport filed a response to the Rule 907 notice on January 6, 2017. On February 10, 2017, after considering Davenport's response, the PCRA court dismissed his petition. This *pro se* appeal followed.[6]

Davenport presents the following issues for our review:

1. Did the PCRA court err by failing to resolve the substantial question under state law whether the U.S. Supreme Court's holding in **Montgomery v. Louisiana** applies to a marginally older teenager (age 18 and 4 mos.) who was severely mentally ill and psychotic at the time of the murders and who was demonstrably a juvenile pursuant to provisions of the Pennsylvania Mental Health and Mental Retardation Act of 1966.

2. Did the PCRA court err by declining to accept subject matter jurisdiction to decide the above question under Article 1, §§ 9 and 13, and Article III, § 32 of the Pennsylvania Constitution -- providing for substantive due process and equal protection.

3. Did the PCRA court err by declining to accept subject matter jurisdiction to decide the first question under the 8th Amendment of the U.S. Constitution and/or coextensively with Article 1, § 13 of the Pennsylvania Constitution.

---

[5] The PCRA Court and the Commonwealth both indicate this is Davenport's third petition. **See** PCRA Court Opinion, 5/11/2017, at 4-5; Commonwealth's Brief at 2. His prior petitions have not provided Davenport with any relief.

[6] On February 27, 2017, the PCRA court ordered Davenport to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Davenport filed a concise statement on March 8, 2017. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 11, 2017.

4.  Did the PCRA court err by failing to resolve the issue of whether there was a waiver of the age-issue as applied based on the Commonwealth's prior representations in **Kremens v. Bartley**, 431 U.S. 119 (1977), and **Secretary of Public Welfare v. Institutionalized Juveniles**, 442 U.S. 640 (1979), that the certified class of juveniles consisted of "… all persons eighteen years of age or younger who have been, are, or may be admitted or committed to mental facilities in Pennsylvania."

Davenport's Brief at 5.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition.  Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)).  The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id***.*

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014).  A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  **See** 42 Pa.C.S. § 9545(b)(1).  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3).  As noted above, Davenport was sentenced on April 29, 1977, and did not file a direct appeal.  Therefore, his judgment of

sentence became final on May 31, 1977,[7] making the present petition patently untimely.[8]

Nevertheless, an untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Davenport contends he is entitled to review pursuant to the PCRA's new constitutional right exception at Section 9545(b)(1)(iii), based upon

---

[7] **See** 1 Pa.C.S. § 1908 (excluding weekends and legal holidays from computation of time).

[8] There exists a *proviso* to the 1995 amendments to the PCRA that provides a grace period for petitioners whose judgments became final on or before the January 16, 1996 effective date of the amendments. However, the *proviso* applies to first PCRA petitions only, and the petition must be filed by January 16, 1997. **See Commonwealth v. Thomas**, 718 A.2d 326 (Pa. Super. 1998) (*en banc*). It is evident Davenport is not entitled to the relief provided by the *proviso.*

*Miller/Montgomery*. The PCRA court concluded that Davenport is not entitled to relief under these decisions because Davenport was 18 years of age when he committed the murders, and *Miller's* holding only applies to defendants who were under the age of 18 at the time of their crimes. *See* PCRA Court Opinion, 5/11/2017, at 5-6. We agree with the PCRA court's determination.

Davenport contends that *Miller* should be extended to individuals such as himself on the basis that he was age 18 and four months at the time of his arrest and his mental illness resulted in a diminished culpability. *See* Davenport's Brief at 14-19. Similar arguments have been previously considered and rejected by this Court.

In *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016), a 19-year-old defendant convicted of homicide claimed he was a "technical juvenile" and relied on neuroscientific theories pertaining to immature brain development to support his claim. The *Furgess* court relied on the holding in *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013), "that petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-

bar exception in Section 9545(b)(1)(iii)."[9]  *Furgess*, *supra*, 149 A.3d at 94.

Moreover, the *Furgess* court found "nothing in *Montgomery* undermines" this holding in *Cintora.  Id.*[10]  *See also Commonwealth v. Rodriguez*, 174 A.3d 1130 (Pa. Super. 2017) ("Appellant acknowledges that he was eighteen years old at the time he committed the murder; however, he argues, nevertheless, that he may invoke *Miller* because his immature and/or impulsive brain made him similar to a juvenile.  Thus, Appellant seeks an extension of *Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding. However, this Court has previously rejected such an argument.").

Although Davenport attempts to distinguish case law from his specific circumstances, we conclude that *Furgess* and *Cintora* are controlling in this case.

_____

[9] In *Cintora*, the co-defendants, who were 19 and 21 years old at the time they committed second degree murder, invoked *Miller* to overcome the untimeliness of their PCRA petition, arguing that a human brain does not fully develop until the age of 25 and that the holding of *Miller* was applicable pursuant to the Equal Protection Clause.  In rejecting these arguments, this Court stressed the co-appellants' "contention that a newly-recognized constitutional right *should* be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)."  *Cintora*, 69 A.3d at 764 (emphasis in original).

[10] The *Furgess* Court acknowledged, however, that *Cintora's* additional holding, that *Miller* had not been applied retroactively, was "no longer good law" after *Montgomery*.  *Furgess, supra,* 149 A.3d at 94.

Moreover, we note Davenport's argument regarding the applicability of the Pennsylvania Mental Health and Mental Retardation Act of 1966 ("MHMRA"), 50 P.S. § 4101, *et seq.*, is more akin to a defense assertion (diminished capacity, guilty but mentally ill, and insanity). We reiterate the *Miller*/*Montgomery* holding specifically concerns cases involving defendants who are under the age of 18 at the time of their crimes and have been sentenced to mandatory life without parole because it violates the Eighth Amendment's prohibition on cruel and unusual punishments. *See Miller*, 567 U.S. at 479 ("We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole *for juvenile offenders*.") (emphasis added). *Miller*/*Montgomery* did not analyze whether their holdings extend to the MHMRA, and we decline to do so.

Furthermore, Davenport's attempt to circumvent this obstacle to relief by invoking the Equal Protection Clause is similarly meritless. *See* Davenport's Brief at 19-22. This Court rejected a similar claim in *Cintora*, *supra*. In *Cintora*, although the defendants recognized that they were not under the age of 18 at the time they committed the crime, they argued that the holding of *Miller* was applicable pursuant to the Equal Protection Clause. This Court disagreed:

> Appellants … contend that because *Miller* created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the

human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in ***Miller*** should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains. However, we need not reach the merits of Appellants' argument, as their contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii).

***Id.*** at 764 (citation omitted and emphasis in original). Therefore, Davenport is similarly entitled to no relief. Accordingly, Davenport's claim that the right in ***Miller/Montgomery*** applies to his case is without merit.

In sum, the PCRA court properly found that Davenport's PCRA petition is untimely and that he failed to establish a statutory exception to the time bar. Because we have no jurisdiction to review this untimely petition, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/18