J-S27043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                              :               PENNSYLVANIA
                              :
            v.                   :
                              :
                              :
GLENN G. DOSTER           :
                              :
            Appellant     :     No. 3527 EDA 2017

Appeal from the PCRA Order October 4, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002246-1990,
CP-09-CR-0002247-1990, CP-09-CR-0002248-1990,
CP-09-CR-0002249-1990, CP-09-CR-0002250-1990,
CP-09-CR-0002251-1990, CP-09-CR-0002252-1990,
CP-09-CR-0002253-1990

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:               **FILED JULY 03, 2018**

Appellant Glenn G. Doster appeals *pro se* from the Order denying his fifth Post-Conviction Relief Petition, filed as a "Petition for Review." We conclude that the trial court properly considered the Petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46, and properly denied the Petition as untimely filed.

On June 4, 1990, Appellant entered open guilty pleas to multiple offenses arising from his sexual abuse of juvenile boys throughout 1989. On September 24, 1990, the court sentenced him to an aggregate term of 10 to

35 years' incarceration. The court did not make any finding that Appellant was a sexually violent predator.[1]

After the court denied Appellant's second Motion for Reconsideration of Sentence on December 3, 1990,[2] Appellant did not timely appeal. His Judgment of Sentence became final thirty days thereafter on January 3, 1991. **See** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Appellant thereafter filed four PCRA Petitions, the first one on September 27, 2000, none of which garnered relief. On August 15, 2017, he filed the instant "Petition for Review" in which he sought relief from the registration requirements of the Sex Offenders Registration and Notification Act ("SORNA") in light of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (*OAJC*).[3] The PCRA court properly considered the filing under the PCRA. After issuing a Pa.R.Crim.P. 907 Notice of Intent to dismiss without a hearing, the court dismissed the Petition as untimely.

_____

[1] Megan's Law I was enacted in 1995, and applied to those sexual offenders who were convicted before the effective date of that statute and who were still serving their sentence. Appellant was, thus, subject to the Megan's Law I registration requirements.

[2] Appellant filed two Post-Sentence Motions, one of which the court granted so that he serve his sentence in SCI Frackville.

[3] Appellant remains incarcerated.

Appellant timely appealed *pro se*. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review in his "General Statements of Material Facts Complained of on Appeal:"

1. Whether SORNA's registration provisions constitute punishment although the General Assembly's identification of the provisions of (SORNA) as nonpunitive?

2. Does (SORNA) (Sex Offenders Notification Act) pursuant to 42 Pa.C.S. §§ 9799.10-9799.41, violate Petitioner's Constitution Rights, Article 1 § 17 of the Pennsylvania Constitution (*ex post facto* clause) and Article 1 § 10 of the United States Constitution (*ex post facto* clause) applied retroactively, upon release?

3. Did Court (Bucks County), commit (Harmful error) of "Order of Court', case Nos: CR-2246 thru CR-2253-1990, filed October 4, 2017, construing "Petition for Review" for "Post Conviction Relief", since "Petition for Review" wasn't filed to challenge (Appellant's Conviction), but the "Collateral Legal Consequences) of that conviction; namely (Registration Requirements) of SORNA's (Sex Offenders Notification Act), 42 Pa.C.S. §§9799.10-9799.41)?

4. Did court (Bucks County) construe "Petition for Review" as "PCRA", filed "Mail Box Rule Date", August 9, 2017, leads to "inference" and "Supports" that (SORNA) is punitive, that does "Imply" that Petition was punished (Twice) for the same offense, in violation of the United States 5th Amendment and Pennsylvania's Constitution, Article 1 §9, 26, and 28 (Double Jeopardy Clause)?

Appellant's Brief at 8-9, 11 (*verbatim*, except certain capitalizations and emphases omitted).

Appellant challenges the court's denial of his Petition for Review pursuant to the PCRA, and challenges the application of SORNA's registration requirements as unconstitutional after *Muniz*. Appellant's Brief at 4.

- 3 -

**Standard/Scope of Review**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

**Applicability of PCRA**

We conclude that the PCRA court properly reviewed Appellant's Petition for Review pursuant to the PCRA. This Court has "repeatedly held that the PCRA provides the sole means for obtaining collateral review and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Kubis***, 808 A.2d 196, 199 (Pa. Super. 2002). Specifically, the PCRA provides:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.

42 Pa.C.S. § 9542.

Appellant's invocation of **Muniz** raises a challenge to the legality of his sentence. Accordingly, pursuant to Section 9542, Appellant's Petition raises claims that are reviewable only under the PCRA.

In order to obtain relief under the PCRA, a petition must be timely filed. **See** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A Petition must be filed within one year from the date the judgment of sentence became final. **Id**. at Section 9545(b)(1).[4] This fifth Petition, filed 20 years later, is facially untimely.

A court may review a facially untimely PCRA Petition, however, if a petitioner invokes one of three timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1). Here, although Appellant never pled a timeliness exception, his reliance on **Muniz** indicates that he has attempted to assert the exception provided in Section 9545(b)(1)(iii) for a newly-recognized constitutional right. For the reasons that follow, we affirm the dismissal of Appellant's Petition.

## _Muniz_

On July 19, 2017, the Pennsylvania Supreme Court filed its decision in **Muniz, supra,** holding that the enhanced registration requirements applicable to sex offenders provided in the Sexual Offender Registration and Notification

---

[4] Although Appellant's Judgment of Sentence became final before the effective date of the 1995 amendments to the PCRA, and he thus had until 1997 to file his first PCRA Petition, he did not file his first PCRA Petition until 2000. **See Commonwealth v. Thomas**, 718 A.2d 326, 329 (Pa. Super. 1998) (providing timeliness exception for filing of first PCRA Petition for those convicted prior to the 1995 amendments became effective).

Act ("SORNA") are punitive and, therefore, applying SORNA retroactively to offenders whose crimes occurred prior to SORNA's enactment is a violation of the *ex post facto* clauses of the U.S. Constitution and Pennsylvania Constitutions. *Muniz*, 164 A.3d at 1223. On February 21, 2018, the legislature amended SORNA to reflect the *Muniz* holding. *See* 42 Pa.C.S. §§ 9799.51-9799.75 ("Act 10").[5]

This Court has declared that "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, as we recognized in *Commonwealth v. Murphy*, 180 A.3d 402, 405–06 (Pa. Super. 2018), "because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the Pennsylvania **Supreme** Court has held that *Muniz* applies retroactively in order to satisfy Section 9545(b)(1)(iii). *See Commonwealth v. Abdul–Salaam*, [812 A.2d 497 (Pa. 2002)]." No such holding has yet been issued by our Supreme Court.

---

[5] Because Megan's Law I was previously applicable to Appellant, and Appellant's period of registration has not yet expired (or even begun since he remains incarcerated), Appellant will be required to register as a sex offender under Section 9799.52(2) of the newly amended law. *See* 42 Pa.C.S. § 9799.52 (providing that Act 10 applies to anyone "required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.").

Accordingly, Appellant cannot rely on *Muniz* to meet that timeliness exception.[6]

Accordingly, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/3/18

---

[6] As we recognized in *Murphy*, *supra*, "if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, Appellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii)." *Murphy*, 180 A.3d at 406 n.1.